**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSHUA LAING,<br>Defendant. | Case No. 3:22-cr-00094-SLG-MMS |

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Before the Court at Docket 123 is Defendant Joshua Laing's Motion for Early Termination of Supervised Release. The Government did not file a response. At Docket 125, the U.S. Probation Office for the District of Alaska prepared a memorandum indicating that the Probation Office does not support early termination of Mr. Laing's supervised release term because it has not been a full year since Mr. Laing's last supervised release violation.[1]

On May 8, 2024, this Court sentenced Mr. Laing to 6 months' imprisonment, which was a time-served sentence, and three years of supervised release, after he pled guilty to aiding and abetting computer intrusions.[2] On May 8, 2024, Mr.

[1] Docket 125 (SEALED) at 2.

[2] Docket 110 at 1-3.

Laing began his term of supervised release.[3] Mr. Laing's term of supervised release is set to expire on May 8, 2027.

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[4] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed, the appropriate length of supervised release and its terms. With an individualized

---

[3] Docket 71 (SEALED) at 1.

[4] 18 U.S.C. § 3583(e).

assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[5] Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

Mr. Laing contends that the Court should terminate his supervised release term early because of his "progress and performance on supervision, engagement in pro-social activities, and ability to lawfully self-manage."[6] Mr. Laing has remained gainfully employed, completed substance abuse treatment, purchased a home, and maintains a positive relationship with his teenage son.[7]

The U.S. Probation Office memorandum confirms that Mr. Laing has found stable employment and has become an active member of his community in Fairbanks.[8] The Probation Officer also noted that while Mr. Laing "has made significant efforts to remain stable, he has violated conditions related to using controlled substances," with the most recent violation on November 4, 2025.[9] The Probation Officer therefore does not recommend early termination of supervised

---

[5] U.S. Sent'g Comm'n Guidelines Manual Ch.5, Pt.D, intro. comment. (Nov. 2025) (quoting S. Rep. No. 98-225, at 54 (1983)).

[6] Docket 123 at 2.

[7] Docket 123 at 2.

[8] Docket 125 (SEALED) at 1.

[9] Docket 125 (SEALED) at 1-2.

release because it has not yet been a full year since Mr. Laing's last positive drug test.[10]

The Court has considered the applicable § 3553(a) factors. Mr. Laing's offense was serious, but it appears that Mr. Laing's six months of time served and time on supervised release, as well as the treatment that Mr. Laing has engaged in, has deterred him from further illegal activity. The Court also finds that there is no further need to provide Mr. Laing with training or care, to protect the public, or to provide restitution. Mr. Laing has performed well on supervision, he has maintained stable housing, demonstrated upward mobility in employment, and engaged in substance abuse treatment.

However, Mr. Laing provided a urine sample in November 2025 that tested positive for tetrahydrocannabinol (THC). The Court agrees with Probation that supervised release should not be terminated before one year has passed since Mr. Laing's positive urinalysis. Therefore, Mr. Laing's Motion for Early Termination of Supervised Release at Docket 123 is **DENIED without prejudice** to renewal once it has been one year since Mr. Laing's last positive drug test, which would be on or about November 4, 2026, if there are no further violations.

DATED this 14th day of September 2026, at Anchorage, Alaska.

*<u>/s/ Sharon L. Gleason</u>*
UNITED STATES DISTRICT JUDGE

[10] Docket 125 (SEALED) at 2.